UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LUZETTE B.,[1]

Plaintiff,

v.

MICHELLE KING, *Acting Commissioner of Social Security*,[2]

Defendant.

Case No.: 23cv483-MSB

**ORDER GRANTING MOTION FOR ATTORNEY FEES PURSUANT TO 28 U.S.C. § 406(b) [ECF NO. 16]**

On December 6, 2024, Plaintiff Luzette B. ("Plaintiff")'s attorney, Young Cho, of the Law Offices of Lawrence D. Rohlfing, Inc., CPC, filed a "Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b)," requesting attorney fees in the amount of $14,000, with a $1,900 credit to Plaintiff for the Equal Access to Justice Act ("EAJA") fees previously

[1] Under Civil Local Rule 7.1(e)(6)(b), "[o]pinions by the Court in [Social Security cases under 42 U.S.C. § 405(g)] will refer to any non-government parties by using only their first name and last initial."

[2] Michelle King is the Acting Commissioner of Social Security. See Social Security Commissioners, https://www.ssa.gov/history/commissioners.html. Accordingly, King is substituted as the Defendant in this lawsuit. See Fed. R. Civ. P. 25(d) ("An action does not abate when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending. The officer's successor is automatically substituted as a party").

paid by the Commissioner. (ECF No. 16 at 1–2.) For the reasons stated below, the Court **GRANTS** the Motion.

## I. Background

On March 16, 2023, Plaintiff initiated this action against Defendant Commissioner of Social Security ("Defendant"), seeking judicial review of the denial of her application for disability insurance benefits under 42 U.S.C. § 405(g). (ECF No. 1.) On May 15, 2023, Defendant filed the Administrative Record. (ECF Nos. 9 & 10.) On June 8, 2023, the parties jointly moved to remand the action to the Social Security Administration ("SSA") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 12). On the same day, the Court granted the joint motion and remanded the action to the SSA. (ECF No. 13.) On July 6, 2023, the parties filed a "Joint Motion for the Award and Payment of Attorney Fees and Expenses Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) and Costs Pursuant to 28 U.S.C. § 1920." (ECF No. 14.) The next day, the Court granted the Joint Motion, ordering attorney fees in the amount of $1,900.00 under the EAJA, 28 U.S.C. § 2412(d), and no costs under 28 U.S.C. § 1920. (ECF No. 15.)

On December 6, 2024, Plaintiff's counsel filed the instant Motion seeking $14,000 in attorney fees under 42 U.S.C. § 406(b). (ECF No. 16.) In support, Plaintiff's counsel explains Plaintiff prevailed on remand and the SSA awarded her $68,239.68 in past-due Title II benefits. (ECF No. 16-1 at 4–5, 10, 15.) Plaintiff's counsel argues that a $14,000 award against an SSA withholding of $17,059.92 is reasonable given "the nature of the representation and results achieved, and testing that reasonableness with the time expended, consideration of hourly rates, market treatment of contingency, and the relative dearth of qualified attorneys for court review of agency determinations." (Id. at 4; see also ECF No. 16-4 at 4.) Plaintiff's counsel further seeks an order to reimburse Plaintiff in the amount of $1,900 for EAJA fees previously awarded by the Court. (ECF No. 16 at 1–2.) Counsel served a copy of the Motion on Plaintiff informing her of her right to file a response. (Id. at 2; ECF No. 16-1 at 18.) Additionally, the Court issued a briefing schedule providing a deadline for Plaintiff and Defendant to respond to the

Motion. (ECF No. 17.) Plaintiff did not file a response. (See generally Docket.) On December 20, 2024, Defendant responded that it "neither supports nor opposes Counsel's request for attorney's fees under 42 U.S.C. § 406(b)," but requests the Court direct Plaintiff's counsel to reimburse any fees previously received under the EAJA. (ECF No. 20 at 2–3.) On December 26, 2024, Plaintiff's counsel filed a Reply, contending the effective hourly rate in this case should be $1,573.03 ($14,000 ÷ 8.9 total hours), rather than the $1,891.89 hourly rate ($14,000 ÷ 7.4 attorney hours) posited by Defendant. (ECF No. 21 at 3–4.)

## II. LEGAL STANDARD

Pursuant to Section 406(b) of the Social Security Act, a court that has rendered a judgment in favor of a Social Security disability insurance ("SSDI") claimant who was represented by an attorney may award attorney fees in a "reasonable" amount, not to exceed twenty-five percent[3] of the total past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A); Crawford v. Astrue, 586 F.3d 1142, 1147 (9th Cir. 2009). District courts have an independent duty to ensure that a § 406(b) contingency fee is "reasonable." Id. at 1149; see also Gisbrecht v. Barnhart, 535 U.S. 789, 807 (2002). The United States Supreme Court has explained:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements **as an independent check**, to assure that they **yield reasonable results** in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

[3] The Court notes that the twenty-five percent cap set forth in § 406(b)(1)(A) applies only to fees for representation before federal court and not to aggregate fees awarded for representation before both the court and the SSA. Culbertson v. Berryhill, 586 U.S. 53, 54 (2019); see also Ricardo A. v. Saul, Case No.: 3:19-cv-00846-AHG, 2021 WL 718605, at *2 n.3 (S.D. Cal. Feb. 24, 2021) ("[T]he 25% cap set forth in Section 406(b)(1)(A) applies solely to attorney fees for representation in federal court.").

Gisbrecht, 535 U.S. at 807 (internal citation and footnote omitted, emphasis added). In evaluating the reasonableness of a fee request under § 406(b), the court should consider the character of the representation and the results achieved. Id. at 808; see also Crawford, 586 F.3d at 1151.

After starting with the contingent-fee agreement, the court should consider reductions based on the following factors: (1) whether counsel's performance was substandard; (2) whether counsel engaged in dilatory conduct; and (3) whether the requested fees were excessively large in relation to the benefits achieved, i.e., whether the attorney enjoyed a "windfall." Crawford, 586 F.3d at 1150–52. With respect to the last factor, the Ninth Circuit has noted that counsel in Social Security cases assume significant risk in accepting these cases, including the risks that no benefits will be awarded or that there will be a long court or administrative delay to resolve the case. Id. at 1152. Attorney fees are paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment. Gisbrecht, 535 U.S. at 802; Crawford, 586 F.3d at 1147. Attorneys are permitted to seek recovery under both the EAJA and § 406(b) and to keep the larger fee, but they must refund the smaller fee to the claimant. Gisbrecht, 535 U.S. at 796; Parrish v. Comm'r Soc. Sec. Admin., 698 F.3d 1215, 1218 (9th Cir. 2012).

## III. DISCUSSION

The contingency fee agreement between Plaintiff and her counsel, the Law Offices of Lawrence D. Rohlfing, Inc., CPC, provides that Plaintiff's counsel is to be paid a maximum of twenty-five percent of Plaintiff's past-due benefits upon a successful federal appeal. (ECF No. 16-2.) On remand, the Commissioner awarded Plaintiff $68,239.68 in past-due benefits and withheld twenty-five percent, or $17,059.92, to pay her representative. (EFC No. 16-1 at 4; ECF No. 16-4 at 4.) Plaintiff's counsel seeks attorney fees of $14,000, representing 20.5 percent of past-due benefits awarded to Plaintiff. (ECF No. 16-1 at 5.) This award is within the twenty-five percent statutory ceiling. See 42 U.S.C. § 406(b)(1)(A). Therefore, the Court will consider the character of

the representation and results achieved to determine if the fee is reasonable. Crawford, 586 F.3d at 1151.

Applying the first two Crawford factors, the Court finds no reduction of fees due to substandard performance or undue delay is warranted. Crawford, 586 F.3d at 1151. Plaintiff's counsel "reviewed the fact intensive administrative record[] and presented cogent arguments during settlement discussions, which led to a stipulated remand with this Court's approval." (ECF No. 16-1 at 5.) This ultimately resulted in a timely, favorable decision on remand, including an award of past-due and future benefits. (ECF No. 16-1 at 4; ECF No. 16-4 at 1–2.) Further, Plaintiff's counsel attached a detailed billing statement, which indicates counsel expeditiously reviewed the case, conducted legal research, and stipulated to remand—all within one month of the filing of the Administrative Record. (ECF No. 16-5 at 1.) Thus, there is no evidence of substandard performance or dilatory conduct.

As to the third factor, the Court finds the requested fees are not excessively large in relation to the benefits achieved. Crawford, 586 F.3d at 1151–1152. Plaintiff's counsel expended 7.4 hours on this case at $1,141.00 per hour, along with paralegal time of 1.5 hours at $258.00 per hour. (ECF No. 16-1 at 12; ECF No. 16-5.) In total, the law firm expended 8.9 hours for an effective hourly rate of $1,573.03.[4] (ECF No. 16-1 at 4; ECF No. 16-5 at 1.) This rate is on the higher end, however other cases within this district have found similar awards to be appropriate. See, e.g., Roland S. v. Kijakazi, No. 20-cv-01068-AHG, 2023 WL 6966153, at *3 (S.D. Cal. Oct. 20, 2023) (finding an effective hourly rate of $1,438.35 reasonable); Watkins v. O'Malley, No. 21-cv-101-BLM, 2024 WL 270244, at *2 (S.D. Cal. May 24, 2024) (finding an effective hourly rate of $1,566 reasonable); Reddick v. Berryhill, No. 16-cv-29-BTM-BLM, 2019 WL 2330895, at *2 (S.D. Cal. May 30, 2019) (finding, on reconsideration, an effective hourly rate of $1,990.74

[4] Effective hourly rate is calculated by dividing $14,000 by 8.9 total hours.

reasonable). Additionally, the requested fee ($14,000) was voluntarily reduced under the twenty-five percent statutory cap ($17,059.92), and Plaintiff filed no objection. (ECF No. 16-1 at 10; ECF No. 18.) In short, there is nothing in the record to suggest Plaintiff's counsel delayed this litigation to amass more in potential fees, or otherwise offered substandard performance. Crawford, 586 F.3d at 1151–52.

In further support of its finding, the Court acknowledges that Plaintiff's counsel assumed a substantial risk of non-payment by agreeing to be paid on a contingency basis. (ECF No. 16-1 at 10.) Courts recognize that "a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss." Ayersman v. Berryhill, No. 17-cv-1121-WQH-JMA, 2021 WL 37717, at *2 (S.D. Cal. Jan. 5, 2021) (internal quotation marks and citations omitted); see also Moreno v. Berryhill, No. CV 13-8492-PLA, 2018 WL 3490777, at *3 (C.D. Cal. July 19, 2018) ("Counsel assumed the risk of nonpayment inherent in a contingency agreement, [and] the fee does not exceed . . . the 25 percent statutory cap."). Following Gisbrecht, "district courts have been deferential to the terms of contingency contracts in Section 406(b) cases, recognizing that the resulting *de facto* hourly rates typically exceed those for non-contingency fee arrangements." Daniel v. Astrue, No. EDCV 04-01188-MAN, 2009 WL 1941632, at *2 (C.D. Cal. July 2, 2009) (internal citations omitted). Here, Plaintiff's counsel assumed a substantial risk of non-payment by agreeing to be paid on a contingency basis, and counsel's work ultimately resulted in a highly favorable result for Plaintiff, who raises no opposition. (See generally Docket.) The Court therefore concludes that Plaintiff's counsel's request for attorney fees amounting to $14,000 is reasonable. See Gisbrecht, 535 U.S. at 807–09.

Finally, while attorneys are permitted to seek fees under both the EAJA and § 406(b), they must refund the smaller fee to the plaintiff. Gisbrecht, 535 U.S. at 796. Plaintiff's counsel must therefore refund Plaintiff the $1,900 in fees previously awarded under the EAJA. (ECF No. 15.)

## IV. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's counsel's Motion [ECF No. 16] and awards the Law Offices of Lawrence D. Rohlfing, Inc., CPC attorney fees in the amount of $14,000. The Court further **ORDERS** the Law Offices of Lawrence D. Rohlfing, Inc., CPC to reimburse Plaintiff in the amount of $1,900.00 for the EAJA fees previously awarded by this Court.

**IT IS SO ORDERED.**

Dated: February 3, 2025

Honorable Michael S. Berg
United States Magistrate Judge